U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

2020 JUL 31  PM 3: 03

CLERK

BY_____
DEPUTY CLERK

STEPHEN L. SMITH,                           )
                                            )
        Plaintiff,                          )
                                            )
        v.                                  )          Case No. 19-cv-00123
                                            )
MEGAN J. BRENNAN, POSTMASTER                )
GENERAL, UNITED STATES POSTAL               )
SERVICE,                                    )
                                            )
        Defendant.                          )

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM**

(Doc. 11)

Plaintiff Stephen L. Smith brings this action against Defendant Megan J. Brennan

in her official capacity as Postmaster General for the United States Postal Service

("USPS"), alleging that he was subject to employment discrimination in violation of the

Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101-12213, the Age

Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621-634, and Title

VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e.

Pending before the court is Defendant's motion to dismiss the Amended

Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure

12(b)(6) based on the expiration of the applicable limitations period. (Doc. 11.) Plaintiff

disputes Defendant's calculation of the applicable filing deadline and, in the alternative,

seeks equitable relief from the limitations period. On June 30, 2020, the court issued an

Order summarizing its review of internal records pertinent to the filing of Plaintiff's

Complaint and granted the parties an opportunity to submit supplemental briefing. The

parties filed supplemental memoranda on July 20, 2020, at which time the court took the

pending motion under advisement.

Plaintiff is represented by Norman E. Watts, Jr., Esq. Defendant is represented by Assistant United States Attorneys Julia L. Torti and Lauren Almquist Lively.

## I.    Allegations in the Amended Complaint.

The initial Complaint in this matter was docketed on July 12, 2019. On August 29, 2019, Plaintiff filed an Amended Complaint as a matter of right in which he alleges the following facts.

Plaintiff is sixty-four years old and a resident of Wilder, Vermont. He has been employed by USPS for over thirty-eight years, and currently works as a supervisor in distribution operations at a processing facility located in White River Junction, Vermont. Plaintiff suffers from degenerative disc disease that causes limited mobility in his feet and legs including a symptom known as "drop foot." (Doc. 4 at 3, ¶ 21.)

In 2017, Plaintiff filed a claim of discrimination with the USPS. Plaintiff alleges that his supervisor, William Loynds, retaliated against him for reporting discrimination by "sending [P]laintiff inappropriate, hostile, and condescending emails, blaming him for routine personnel and procedural matters[,]" and "repeatedly humiliat[ing] [P]laintiff in the presence of [D]efendant's managers and line employees." *Id.* at 3, ¶¶ 16-17. Mr. Loynds allegedly "repeatedly yelled at [P]laintiff" in front of other employees "for minor errors[.]" *Id.*, ¶ 25.

In September 2017, without conducting a pre-disciplinary interview, Defendant issued a letter of warning to Plaintiff regarding his purportedly unauthorized use of Family and Medical Leave Act leave. Plaintiff alleges that Mr. Loynds was "[a]ware of [P]laintiff's medical condition for years" and "had been lying in wait to issue the written warning to [P]laintiff[.]" *Id.*, ¶ 24.

Mr. Loynds also allegedly denied Plaintiff's requests for leave without providing cause for the denials and altered the processing facility's schedule "so that [P]laintiff's schedule was inconvenient and taxing[.]" *Id.* at 4, ¶ 27. Mr. Loynds assigned Plaintiff to work on Sundays "in order to antagonize [P]laintiff" despite knowing that Plaintiff enjoyed spending time with his grandchildren on Sundays. *Id.*, ¶ 29.

2

On July 27, 2018, the "USPS . . . issued a final agency decision" regarding Plaintiff's discrimination claim. (Doc. 4 at 2, ¶ 11.) In August 2018, Plaintiff filed a charge of employment discrimination with the United States Equal Employment Opportunity Commission (the "EEOC"). The EEOC issued a decision affirming the USPS's finding that no discrimination occurred and including a notice of Plaintiff's right to file a civil action (the "Right to Sue Letter") on March 13, 2019. In both his initial and Amended Complaints, Plaintiff alleged that fewer than ninety days had passed since he received the Right to Sue Letter from the EEOC.

Count I of the Amended Complaint asserts a claim that Plaintiff was subject to employment discrimination and retaliation on the basis of his disability in violation of the ADA. Count II of the Amended Complaint asserts a claim of age discrimination in violation of the ADEA, alleging that "[t]he USPS, by and through its managers and other officers, targeted [P]laintiff and other employees over [forty]" and pursued a "pattern of retaliation against him because of his age – as attempts to force him to retire." *Id.* at 6, ¶¶ 54-55. Count III of the Amended Complaint asserts that Plaintiff was also subject to gender discrimination in violation of Title VII based on the disparate treatment he allegedly received in comparison to at least three female coworkers. Plaintiff seeks compensatory damages, punitive damages, and an award of attorney's fees and costs.

## II.     Conclusions of Law and Analysis.

### A.     Standard of Review.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The court employs a "two-pronged approach" to determine whether a complaint satisfies this standard. *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679). First, the court disregards statements that are merely "legal

3

conclusion[s] couched as . . . factual allegation[s]" or "[t]hreadbare recitals of the
elements of a cause of action, supported by mere conclusory statements[.]" *Iqbal*, 556
U.S. at 678. Second, the court analyzes whether the complaint's "'well-pleaded factual
allegations' . . . 'plausibly give rise to an entitlement to relief.'" *Hayden*, 594 F.3d at 161
(quoting *Iqbal*, 556 U.S. at 679). In so doing, the court "is required to accept as true the
facts alleged in the complaint" and "consider those facts in the light most favorable to the
plaintiff[.]" *Galper v. JP Morgan Chase Bank, N.A.*, 802 F.3d 437, 443 (2d Cir. 2015).
While the court must "draw on its judicial experience and common sense" at the second
step of the analysis, *Iqbal*, 556 U.S. at 679, it does not "weigh the evidence" or "evaluate
the likelihood" that the plaintiff will ultimately prevail on his or her claims. *Christiansen
v. Omnicom Grp., Inc.*, 852 F.3d 195, 201 (2d Cir. 2017).

## B. Whether the Court May Consider Documents External to the Amended Complaint.

Both parties reference documents submitted as exhibits that are neither cited in nor
attached to the Amended Complaint. In reviewing a motion to dismiss for failure to state
a claim pursuant to Fed. R. Civ. P. 12(b)(6), the court may consider "the factual
allegations in [the] plaintiff['s] . . . complaint," "documents attached to the complaint as
an exhibit or incorporated in it by reference," "matters of which judicial notice may be
taken," and "documents either in plaintiff['s] possession or of which plaintiff[] had
knowledge and relied on in bringing suit." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142,
150 (2d Cir. 1993). "Where a motion to dismiss presents matters outside of the pleadings,
the court may consider them but only by converting the motion into one for summary
judgment under Federal Rule of Civil Procedure 56." *Ziyan Shi v. N.Y. Dep't of State,
Div. of Licensing Servs.*, 393 F. Supp. 3d 329, 336-37 (S.D.N.Y. 2019) (citing Fed. R.
Civ. P. 12(d)).

Where a defendant asserts a statute of limitations defense, "'[d]ismissal under Fed.
R. Civ. P. 12(b)(6) is appropriate" if "it is clear from the face of the complaint, and
matters of which the court may take judicial notice, that the plaintiff's claims are barred
as a matter of law.'" *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir.

2008) (alteration in original) (internal brackets and emphasis omitted) (quoting *Conopco, Inc. v. Roll Int'l*, 231 F.3d 82, 86 (2d Cir. 2000)). "The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). As "matters judicially noticed by the [d]istrict [c]ourt are not considered matters outside the pleadings[,]" the taking of judicial notice does not require the court to convert a motion to dismiss into one for summary judgment. *Staehr*, 547 F.3d at 426.

In support of her motion to dismiss, Defendant asks the court to consider the cover letter that Plaintiff submitted with his initial Complaint (the "Cover Letter"), which is dated June 13, 2019 and marked "received" by the court on June 17, 2019. (Doc. 11-1 at 2.) Plaintiff does not dispute the authenticity of the Cover Letter and relies on it in his reply brief. (*See* Doc. 13 at 2) ("It appears that the [c]ourt recorded receipt of the [C]omplaint on June 17[.]") (citing the Cover Letter). Because the Cover Letter was created by Plaintiff, is not subject to dispute, and accompanied the initial Complaint submitted to this court, the court will take judicial notice of it for purposes of the pending motion. *See Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) (explaining that the risk of considering materials external to the complaint on a motion to dismiss is "the lack of notice to the plaintiff that they may be so considered" and holding that "[a] finding that plaintiff has had notice of documents used by defendant in a [Rule] 12(b)(6) motion is significant").

Plaintiff submits a copy of his Right to Sue Letter, a redacted copy of Plaintiff's counsel's bank statement showing an order for a check to pay the filing fee for the initial Complaint as well as an additional record indicating the date on which that request was submitted, and an affidavit avowing that he continues to experience discriminatory treatment at work. The court "undoubtedly may take judicial notice of public documents filed in relation to Plaintiff's EEOC proceedings," *Rein v. Esper*, 2018 WL 10561521, at *4 (S.D.N.Y. Feb. 27, 2018), and therefore will take judicial notice of the Right to Sue Letter as its authenticity has not been challenged. *See id.* (citing cases holding that EEOC filings are properly considered on motions to dismiss). In contrast, Plaintiff's counsel's

5

bank statement and the proffered "payment history" for that account are "business record[s] that would not be judicially noticeable without being otherwise publicly filed in connection with Plaintiff's . . . Complaint." *Id.* In addition, there is no indication that Plaintiff relied on the bank statement or payment history in bringing his claims, as neither the initial Complaint nor the Amended Complaint contains any reference to how or when Plaintiff submitted his filing fee. Because the bank documents are not integral to Plaintiff's claims nor proper subjects for judicial notice, the court will not consider them in adjudicating the motion to dismiss, but will consider them in the context of Plaintiff's equitable tolling argument. *See Wheeler v. Bank of N.Y. Mellon*, 2018 WL 3730862, at *4 (N.D.N.Y. Aug. 6, 2018) (finding court could not consider internal company records submitted with motion to dismiss that were not attached to complaint or subject to judicial notice).

Plaintiff's affidavit in support of his motion to dismiss contains factual allegations that are not contained in the Amended Complaint. The affidavit is thus not integral to the Amended Complaint and cannot be considered in the context of a motion to dismiss but may provide support for Plaintiff's equitable tolling argument. As a result, it will be considered only in the context of that argument. *See Fahs Constr. Grp., Inc. v. Gray*, 2011 WL 294269, at *4 (N.D.N.Y. Jan. 27, 2011), *aff'd*, 725 F.3d 289 (2d Cir. 2013) (declining to consider affidavit submitted in response to motion to dismiss because it was not attached to or incorporated by reference in the complaint).

## C.     Whether Federal Law or EEOC Procedure Governs the Limitations Period Applicable to Plaintiff's Claims.

Defendant seeks dismissal of Plaintiff's claims on the basis that neither the initial Complaint nor the filing fee was received by the court prior to the expiration of the applicable ninety-day filing period. Plaintiff responds that an EEOC-specific presumption determines when the limitations period began to run on his claims and the initial Complaint was timely filed based on that presumption.

A plaintiff asserting an employment discrimination claim under the ADA, the ADEA, or Title VII must file suit in federal district court within ninety days of receipt of

6

a right to sue letter from the EEOC. *See Tiberio v. Allergy Asthma Immunology of Rochester*, 664 F.3d 35, 37 (2d Cir. 2011) ("In order to be timely, a claim under the ADA must be filed in federal district court within [ninety] days of the claimant's receipt of a right-to-sue letter from the EEOC."); *Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 525 (2d Cir. 1996) (holding that ninety-day period applies to claims pursuant to Title VII and the ADEA).[1] For purposes of calculating the applicable deadline, two presumptions apply to notices provided by government agencies. First, "[t]here is a presumption that [the] notice . . . was mailed on the date shown on the notice." *Tiberio*, 664 F.3d at 37. And second, there is a presumption that a document "is received three days after its mailing." *Id.* The three-day presumption derives from the Federal Rules of Civil Procedure, which provide that "[three] days are added" to a party's time to act where service is made by mail. Fed. R. Civ. P. 6(d); *see Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 148 n.1 (1984) (per curiam) (citing former Fed. R. Civ. P. 6(e) and holding that EEOC right to sue notice was presumed received three days after it was mailed).

A party may overcome the presumptions if it proffers "sworn testimony or other admissible evidence" to support a reasonable inference "'either that the notice was mailed later than its . . . date or that it took longer than three days to reach [the party] by mail.'" *Tiberio*, 664 F.3d at 37 (quoting *Sherlock*, 84 F.3d at 526) (affirming applicability of three-day presumption to Title VII right to sue letter). Plaintiff asserts that the three-day presumption does not apply because the EEOC presumes notices, including right to sue letters, are received five days after the date they are mailed. In support of this contention, he cites the Right to Sue Letter's "Certificate of Mailing" dated March 13, 2019, which

---

[1] *See also* 42 U.S.C. § 2000e-5(f)(1) (providing that if the EEOC denies a charge of discrimination in violation of Title VII it "shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge"); 42 U.S.C. § 12117(a) (applying the procedures set forth in 42 U.S.C. § 2000e-5 to claims arising under the ADA); 29 U.S.C. § 626(e) (providing that if the EEOC denies a claim of age discrimination under the ADEA, it shall notify the complainant and that person may file a civil suit against the respondent named in the charge within ninety days after receipt of the notice).

7

provides that "[f]or timeliness purposes, the [EEOC] will presume that this decision was received within five (5) calendar days after it was mailed." (Doc. 13-1 at 7.)

Although some courts in the Second Circuit have applied the three-day receipt presumption to right to sue notices, others have adopted the EEOC's more lenient five-day presumption. However, courts applying the five-day EEOC presumption generally rely upon extenuating circumstances warranting application of the more relaxed standard, such as a plaintiff's self-represented status. *See, e.g.*, *Tillackdharry v. Kerry*, 2015 WL 1062188, at *4 (D. Conn. Mar. 11, 2015) (applying five-day presumption to self-represented plaintiff's claims for timeliness purposes); *Russell v. Potter*, 2012 WL 760562, at *2 n.3 (E.D.N.Y. Mar. 7, 2012) (applying five-day presumption to claims of self-represented plaintiff but noting "[t]he five[]-day presumption is generous, as courts generally presume that an EEOC notice is received three days after its mailing") (internal quotation marks and citation omitted). In contrast, where the plaintiff is represented by counsel and does not claim that he never received a right to sue letter or where he does not proffer other evidence of the date on which he received such a letter, the three-day presumption generally applies. *See, e.g.*, *Thomson v. Odyssey House*, 2015 WL 5561209, at *7 (E.D.N.Y. Sept. 21, 2015), *aff'd*, 652 F. App'x 44 (2d Cir. 2016) (citing *Tiberio*, 664 F.3d at 37, and applying three-day presumption "[i]n the absence of allegations contradicting this presumption").

Plaintiff, who is represented by counsel, acknowledges in both his initial Complaint and Amended Complaints that he received the Right to Sue Letter. He alleges that "fewer than ninety days have elapsed since [he] received [the Right to Sue Letter]" in both versions of his Complaint. (Doc. 4 at 2, ¶ 13; Doc. 1 at 2, ¶ 13.) Although these allegations are not "sworn testimony or other admissible evidence[,]" *Tiberio*, 664 F.3d at 37, the court is "required to accept as true the facts alleged in the complaint[.]" *Galper*, 802 F.3d at 443. Nonetheless, accepting the allegations in the initial Complaint as true, Plaintiff alleges only that the ninety-day filing period had not yet expired when the initial Complaint was signed on June 13, 2019. He does not specify the date on which he received his Right to Sue Letter. *See Pizarro v. My Sister's Place*, 2005 WL 1414401, at

8

*2 (S.D.N.Y. May 5, 2005) (finding presumption was not rebutted where "the [p]laintiff does not claim that she did not receive the [right to sue] letter or that it took longer than [three] days to reach her"). The court thus has no independent means of calculating the ninety-day period other than consistent with either the three-day or five-day presumption.

### D.     Whether Plaintiff Filed Suit Before the Limitations Period Expired.

Defendant argues that Plaintiff's suit was untimely regardless of which presumption is applied, because his initial Complaint was not docketed until July 12, 2019, when the filing fee was received. Plaintiff, in reliance on the EEOC's five-day presumption, counters that the Cover Letter shows the court received his initial Complaint on June 17, 2019, which he asserts timely initiated this case even he did not contemporaneously submit the required filing fee. He erroneously represents that his counsel's records show the payment cleared the bank on June 19, 2019, when the record he submits shows that it cleared on July 19, 2019.

The federal rules provide that "[a] civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. Pursuant to 28 U.S.C. § 1914(a), "[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding . . . to pay a filing fee[,]" and "[e]ach district court by rule or standing order may require advance payment of fees." 28 U.S.C. § 1914(c). The District of Vermont's Local Rules provide that:

> To institute a civil action, a plaintiff must submit the following to the court:
>
> (1)     the original complaint;
>
> (2)     the filing fee or a motion and affidavit to proceed *in forma pauperis*;
>
> (3)     a Civil Cover Sheet . . . ;
>
> (4)     [w]hen applicable, a Notice of Lawsuit and Request for Waiver of Service . . . for each defendant;
>
> (5)     [w]hen applicable, a Waiver of Service of Summons . . . for each defendant.

L. R. 3(a).

A civil action is not initiated until both the complaint and the filing fee are received if the Local Rules so require. In *Avillan v. Donahue*, the court granted the

9

defendant's motion to dismiss the plaintiff's Title VII and ADEA claims as untimely, finding that even if plaintiff delivered his complaint to the clerk of court before the ninety-day limitations period expired, his failure to submit the filing fee required by the local rules for nine additional days delayed the filing of his suit. *See* 2013 WL 12084502, at *1 (S.D.N.Y. Feb. 15, 2013), *aff'd*, 568 F. App'x 73 (2d Cir. 2014); *see also Wanamaker v. Columbian Rope Co.*, 713 F. Supp. 533, 539 (N.D.N.Y. 1989), *aff'd*, 108 F.3d 462 (2d Cir. 1997) (finding plaintiff's suit alleging ADEA claims was not filed upon submission of complaint "because plaintiff did not tender the statutorily required filing fee to the court clerk at that time"). As the court observed in *Wanamaker*:

> Authorizing the commencement of the district court action without the required fee would breed countless administrative and procedural woes, and give to the Clerk's Office an element of discretion where none was intended. The Clerk's [O]ffice would be converted into a part-time credit institution, spending significant energy collecting fees as well as extending credit.

713 F. Supp. at 538 (citation omitted). Courts have similarly held that payment of a filing fee alone, followed by submission of the accompanying complaint after the applicable limitations period has expired, is insufficient to timely commence a suit. *See, e.g., Catozella v. PLS Restaurant Inc.*, 2019 WL 1897617, at *5 (S.D.N.Y. Apr. 26, 2019) (dismissing plaintiff's Title VII claims as time-barred where her attorney paid the filing fee within the right to sue period but did not submit the complaint electronically until after the deadline had passed); *Torres v. Ciele Partners L.P.*, 2017 WL 2773702, at *6 (S.D.N.Y. June 26, 2017) (same).

Applying the three-day presumption to the March 13, 2019 Right to Sue Letter leads to the conclusion that Plaintiff received the notice on Saturday, March 16, 2019 and his time to file a lawsuit expired ninety days later on Friday, June 14, 2019. If the five-day period is applied, the ninety-day period expired on June 17, 2019. Plaintiff's initial Complaint was time-stamped by the Clerk of Court and docketed on July 12, 2019, almost a month after the ninety-day filing period triggered by the Right to Sue Letter expired. The check which was received by the Clerk of Court on July 12, 2019 cleared

Plaintiff's counsel's bank on July 19, 2019. Plaintiff's Cover Letter, dated June 13, 2019, does not alter these conclusions because it states that "the filing fee of $400 has been authorized through our bank and will arrive under separate cover by next week." (Doc. 11-1.) Drawing all reasonable inferences in Plaintiff's favor, the Cover Letter merely indicates that Plaintiff's counsel initiated a bank transfer to cover the filing fee one day prior to the expiration of the ninety-day period.[2] Plaintiff provides no additional evidence that the funds or the initial Complaint were received by the court on or before June 14, 2019, or even on or before June 17, 2019, in order to timely initiate this suit.

### E.    Whether the Continuing Violation Doctrine Applies.

Plaintiff argues that because the discriminatory treatment he alleges in the initial Complaint and Amended Complaint is ongoing, the continuing violation doctrine renders his otherwise time-barred claims timely.

> Under the continuing violation doctrine, a plaintiff may bring claims for discriminatory acts that would have been barred by the statute of limitations as long as an act contributing to that discrimination took place within the statutory time period. Therefore, a continuing violation may be found where there is proof of specific ongoing discriminatory policies or practices, or where specific and related instances of discrimination are permitted by the defendant to continue unremedied for so long as to amount to a discriminatory policy or practice.

*Purcell v. N.Y. Inst. of Tech. – College of Osteopathic Med.*, 931 F.3d 59, 65 (2d Cir. 2019) (brackets, quotation marks, and footnotes omitted). Where a plaintiff plausibly alleges a continuing violation and "files an EEOC charge that is timely as to any incident of discrimination in furtherance of an ongoing policy of discrimination, all claims of acts of discrimination under that policy will be timely even if they would be untimely standing alone." *Chin v. Port Auth. of N.Y. & N.J.*, 685 F.3d 135, 155-56 (2d Cir. 2012) (internal quotation marks and citation omitted).

The factual allegations underpinning Plaintiff's continuing violation argument do not appear in his initial Complaint or his Amended Complaint. As a result, they are not

---

[2] Plaintiff counsel's bank records reveal a "payment history" that reflects a request for $400.00 listed as "Sent" on June 17, 2019, with a "Deliver By" date of June 21, 2019. (Doc. 23-1.)

properly before the court.[3] Even if they are considered, allegations of continuing discrimination do not alter the timeliness of Plaintiff's federal suit. Several Circuit Courts of Appeals have considered and rejected this argument. *See, e.g., Loubriel v. Fondo del Seguro del Estado*, 694 F.3d 139, 144 (1st Cir. 2012) (holding that "the existence of a continuing violation does not relax the requirement that a plaintiff file [his] judicial action within [ninety] days of the receipt of the EEOC's right-to-sue-notice").[4] As the Seventh Circuit explained, "a plaintiff hoping to rely on the [continuing violation] doctrine must demonstrate that []he delayed suing because []he reasonably failed to identify [his] 'working conditions as intolerable until the acts of harassment had, through repetition or cumulation, reached the requisite level of severity.'" *Gibbs v. Gen. Motors Corp.*, 104 F. App'x 580, 582 (7th Cir. 2004) (quoting *Shanoff v. Ill. Dep't of Human Servs.*, 258 F.3d 696, 703 (7th Cir. 2001)).

In this case, Plaintiff's decision to file an EEOC charge demonstrates that he was aware of the purportedly discriminatory nature of the treatment he experienced. As a result, a continuing violation claim does not excuse Plaintiff's obligation to file his initial Complaint before the expiration of the limitations period. *See Bowen-Hooks v. City of New York*, 13 F. Supp. 3d 179, 207 (E.D.N.Y. 2014) (holding that a "continuing violation claim cannot revive [an] otherwise barred claim where [the plaintiff] opted not to act

---

[3] Plaintiff describes alleged instances of continuing violations in his opposition brief and supporting affidavit. Because a plaintiff may not amend his claims by "advocating a different theory of liability in an opposition brief wholly unsupported by factual allegations in the complaint[,]" the court cannot consider these new factual allegations advanced in Plaintiff's brief. *Palm Beach Mar. Museum, Inc. v. Hapoalim Sec. USA, Inc.*, 810 F. App'x 17, 20 (2d Cir. 2020) (citing *Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998)).

[4] *See also Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 461 (6th Cir. 2001) ("The continuing violation doctrine . . . does not relieve a plaintiff of the need to file an action within [ninety] days of receiving the right-to-sue letter."); *Brown v. Hartshorne Pub. Sch. Dist. No. 1*, 926 F.2d 959, 962 (10th Cir. 1991) ("[A] plaintiff who is the victim of a continuing violation may not need to exhaust administrative remedies as to acts that are part of the continuing violation but occur after the administrative charge is filed. However, the continuing violation theory does not eliminate the requirement that a plaintiff file a judicial action within ninety days of receipt of notice of the right to sue.") (citation omitted), *abrogated on other grounds by Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002).

within [ninety] days of [receiving an] . . . EEOC right-to-sue letter."). Plaintiff's continuing violation allegations set forth in his brief therefore do not prevent dismissal.

### F.     Whether Plaintiff Is Entitled to Equitable Tolling.

In his opposition brief, Plaintiff challenges the assumption that the court did not receive his filing fee payment until July 12, 2019, asserting:

> For an inexplicable reason[,] the court clerk did not acknowledge receipt of
> the bank check until July 12. The docket notation cannot be accurate.
> Electronic checks do not take [twenty-five] days for delivery.

(Doc. 13 at 2.) Plaintiff further contends it would be "unfair" for the court to assume the filing fee was not paid until the date the initial Complaint was docketed as that conclusion requires dismissal of his federal discrimination claims and "would impose an injustice" on him. *Id.* at 3. In his supplemental brief, Plaintiff further argues that any untimely filing was the result of excusable neglect, citing Fed. R. Civ. P. 6(b)(1)(B) and 60(b)(1).[5]

The ninety-day limitations period is strictly enforced, and courts generally will not consider a complaint that is filed after the deadline has passed. *See Glover v. Fed'n of Multicultural Programs*, 2015 WL 4600645, at *5 (E.D.N.Y. July 29, 2015) (finding that suit filed on the ninety-first day after receipt of right to sue was untimely); *Hughes v. Elmira Coll.*, 584 F. Supp. 2d 588, 590 (W.D.N.Y. 2008) (same). Even self-represented plaintiffs who are "entitled to leniency in other areas of litigation" are held to the same standard: "The [ninety]-day deadline is strictly enforced against represented and *pro se* plaintiffs alike. If a *pro se* plaintiff misses [his] deadline by a few days, or even one day, [his] action must be dismissed as untimely." *Perez v. Mason Tenders Dist. Council Trust Funds*, 2017 WL 5125542, at *3 (S.D.N.Y. Nov. 1, 2017), *aff'd*, 742 F. App'x 584 (2d Cir. 2018). "[I]n the absence of a recognized equitable consideration, the court cannot extend the limitations period by even one day." *Johnson v. Al Tech Specialties Steel*

---

[5] Fed. R. Civ. P. 6(b) provides that a court may, "for good cause, extend the time" for a party to act "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). The rule further provides that "A court must not extend the time to act under Rule[] . . . 60(b)." Fed. R. Civ. P. 6(b)(2).

*Corp.*, 731 F.2d 143, 146 (2d Cir. 1984) (quoting *Rice v. New England Coll.*, 676 F.2d 9, 11 (1st Cir. 1982)).

The ninety-day deadline to file suit may be equitably tolled if the district court finds that "the circumstances that caused the delay" in filing are "'rare and exceptional.'" *Perez*, 2017 WL 5125542, at *3 (quoting *Zerilli-Edelglass v. N.Y.C. Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003)). A "garden variety claim of excusable neglect" is generally not enough to warrant equitable tolling. *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96 (1990) (holding equitable tolling did not apply where plaintiff failed to timely file suit because his attorney was out of the office when the right to sue notice was received).

In assessing a request for equitable tolling, courts examine whether the plaintiff "acted with reasonable diligence during the time period" for which he requests equitable tolling, *Zerilli-Edelglass*, 333 F.3d at 80 (internal quotation marks and citation omitted), because "lack of due diligence on the part of plaintiff's attorney is insufficient to justify application of an equitable toll." *South v. Saab Cars USA, Inc.*, 28 F.3d 9, 12 (2d Cir. 1994). Although an attorney's schedule does not warrant equitable tolling, "there occur[] events beyond [a] plaintiff's control, rendering it patently unfair to oblige the litigants to the strict time requirements set forth in the respective statutes." *Fellows v. Earth Constr., Inc.*, 805 F. Supp. 223, 226 (D. Vt. 1992). "The burden of demonstrating the appropriateness of equitable tolling lies with the plaintiff[.]" *Glover*, 2015 WL 4600645, at *6 (internal quotation marks and alteration omitted) (quoting *Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000)).

In his supplemental brief, Plaintiff acknowledges that "[t]he actual reason" why his filing fee was not received until July 12, 2019 "may well be that counsel's bank sent the payment to the [c]ourt's street address rather than the post office box or that there was some other delay in the postal service delivery" and asserts that "[t]hese are reasons justifying a less rigid enforcement of the filing deadline" based on a finding of excusable neglect. (Doc. 23 at 2.) Courts consider several factors in determining whether neglect is excusable, including "the danger of prejudice to the non-movant," "the length of the delay and its potential impact on judicial proceedings," "the reason for the delay,

14

including whether it was within the reasonable control of the movant," and "whether the movant acted in good faith." *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir. 2003) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) (brackets omitted)). The Second Circuit has held that "where the rule is entirely clear, . . . a party claiming excusable neglect will, in the ordinary course, lose under the *Pioneer* test" if the reason for delay was within that party's control, even where the remaining three factors "weigh in favor of the party seeking the extension[.]" *Id.* at 366-67 (internal quotation marks and citation omitted).

Plaintiff's counsel submitted his request for the filing fee to his bank on the eve of the limitations period and Plaintiff proffers no reason why the request could not have been made sooner. Plaintiff does not assert that he contacted the Clerk's office to determine whether the filing fee was timely received and demonstrates no efforts to expedite the bank's processing of the payment or the payment's delivery to the court. He chose not to provide the filing fee contemporaneously with the initial Complaint even though he knew it was required. To the extent that Plaintiff asserts any error in addressing the payment to the court's street address rather than its mailing address, that error, too, lies within Plaintiff's control.

"This is not a case in which a claimant has received inadequate notice[,] or where a motion for appointment of counsel is pending . . .[,] or where the court has led the plaintiff to believe that []he had done everything required of [him] . . . [n]or is this a case where affirmative misconduct on the part of a defendant lulled the plaintiff into inaction." *Baldwin Cty. Welcome Ctr.*, 466 U.S. at 151. At best, Plaintiff has shown that his counsel attempted to arrange payment of the filing fee but did not ensure that the fee was timely paid.

Although the court is sympathetic to Plaintiff's position, the court has no authority to find equitable tolling where it is not warranted. Such an approach would not only prejudice Defendant, it would be an abuse of discretion. "Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of . . . sympathy for particular litigants." *Id.* at 152. Because Plaintiff has

15

failed to show excusable neglect or other exceptional circumstances demonstrating he is entitled to equitable tolling, this case must be DISMISSED.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss (Doc. 11) is GRANTED and the case is DISMISSED.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 31st day of July, 2020.

/s/ Christina Reiss

Christina Reiss, District Judge
United States District Court